IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DIVINE DEDMON                                                                                    PLAINTIFF
ADC #157568

v.                                      No: 5:17-CV-00105 JM-PSH

KENTARIOUS TATE, *et al.*[1]                                                              DEFENDANTS

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Divine Dedmon filed a complaint pursuant to 42 U.S.C. § 1983 on April 12, 2017, alleging that Defendants violated his constitutional rights (Doc. No. 1). Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Dedmon had not exhausted claims against them before he filed this lawsuit (Doc. Nos. 12-14). Dedmon did not file a response to the Defendants' motion. Because Dedmon failed to controvert the facts set forth in

---

[1] The Clerk of Court is directed to correct the style of the case to reflect the correct full names of Defendants Kentarious Tate, Marcus Dodds, Elisha Brown, Donna Davis, and Felecia Bell as reflected in their Answer (Doc. No. 11).

Defendants' statement of undisputed facts, Doc. No. 14, those facts are deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Undisputed Facts

1. Dedmon was an inmate incarcerated in the Randall Williams Correctional Facility in Pine Bluff, Arkansas. Doc. No. 1.

2. The Defendants are employed by the Arkansas Department of Correction (ADC) and are assigned to the Randall Williams Correctional Facility. *Id.*

3. Dedmon did not sign his Complaint, nor did he certify its authenticity or validity. *Id.*

4. Dedmon's Complaint was filed on April 12, 2017. *Id.*

5. Dedmon appears to allege that Defendant Dodds sexually harassed him during a pat-down search on September 19, 2016. Doc. No. 1 at 4.

6. Dedmon alleges he reported the incident to non-party staff members, and yet he signed documentation denying the incident at a later date. *Id.*

7. On September 25, 2016, Dedmon submitted an Informal Resolution, in which he claimed Officer Dodds "grazed his but (sic) in the wrong way." Dedmon did not specify when this had allegedly occurred. Doc. No. 14-1.

8. On September 26, 2016, Dedmon proceeded to Step Two of the grievance procedure. His grievance was assigned No. RLW-16-00306. *Id.*

9. On October 3, 2016, RLW Grievance Coordinator Tanya Collins met with Dedmon regarding his grievance, in an effort to get a better understanding of his complaint. *Id.*

10. Lieutenant J. Smart (a non-party) met separately with Dedmon and Dodds regarding Dedmon's grievance. *Id.*

11. Dedmon wrote another witness statement in which he stated he did not believe Dodds' actions the previous month were sexual in nature. *Id.*

12. Defendant Dodds wrote a statement denying any sexual intention or activity with Dedmon, and stated that his pat-down search of Dedmon was performed by the book. *Id.*

13. The unit warden responded to Dedmon's grievance on October 6, 2016. He determined the grievance was without merit. *Id.*

14. Dedmon did not appeal the warden's decision on grievance RLW-16-00306. *Id.*

15. Dedmon alleged he was sexually harassed by Defendant Tate during a pat-down search on October 15, 2016. Doc. No. 1 at 4.

16. Dedmon did not submit a grievance naming Defendant Tate between September 2016 and the date he filed this lawsuit. Doc. Nos. 14-2 & 14-5.

17. At approximately 12:30 a.m. October 15, 2016, Defendant Brown observed Dedmon masturbating in the barrack restroom. Defendant Brown ordered Dedmon to stop but he did not. Doc. No. 14-3.

18. Dedmon was issued a major disciplinary by Defendant Brown. Dedmon was charged with: (12-3) failure to obey order of staff and (10-3) indecent exposure. *Id.*

19. Dedmon alleges the disciplinary was false and retaliatory in nature. Doc. No. 1 at 4.

20. Dedmon further alleges that Defendant Brown wrote the disciplinary at the direction of Defendant Bell. *Id.*

21. Dedmon did not submit a grievance naming Defendants Bell or Brown between October 2016 and the date he filed this lawsuit. Doc. Nos. 14-2 & 14-5.

22. Dedmon was removed from isolation on November 9, 2016, and assigned to segregated housing. Doc. No. 14-4.

23. Dedmon alleges that once he got out of isolation, he was retaliated against by "one of the officer who help them lock me up for the (10-3)." Doc. No. 1 at 5.

24. Defendant Brown is the officer who issued the disciplinary for the (10-3) indecent exposure charge. Doc. No. 14-3.

25. Dedmon alleges the officer who retaliated against him issued him a disciplinary for "tampering with or blocking any lock or locking device." Doc. No. 1 at 5.

26. Defendant Donna Davis issued Dedmon a major disciplinary on November 20, 2016. Dedmon was charged with the following: (02-15) tampering w/or blocking lock; (05-3) assault – verbal or written threat, and (11-1) insolence to a staff member. Doc. No. 14-6.

27. Dedmon did not submit any grievances naming Defendant Davis nor did he allege in a grievance that she, or any other staff, had retaliated against him. Doc. Nos. 14-2 & 14-5.

28. Dedmon further alleges that all of these incidents have occurred because the Defendants want him to be denied parole, flatten his time, and become gay. Doc. No. 1 at 5.

29. As of October 2016, Administrative Directive 14-16 was in effect. Doc. No. 14-7.

## IV. Analysis

Defendants argue that they are entitled to summary judgment because Dedmon failed to exhaust his administrative remedies as to them before he filed this lawsuit. In support of their motion for summary judgment, Defendants submitted: documents pertaining to Dedmon's grievance RLW-16-00306 and the ADC's subsequent investigation of Dedmon's complaint; a declaration of Barbara M. Williams, the ADC's Inmate Grievance Supervisor; a copy of an October 15, 2016 disciplinary; Dedmon's status assignment sheet from May 8, 2014, to June 21, 2017; a declaration of Tanya Collins, the Inmate Grievance Coordinator at the Randall Williams

Correctional Facility; a copy of a November 20, 2016 disciplinary violation; and a copy of the ADC's grievance policy (Doc. Nos. 14-1 - 14-7).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy (Administrative Directive 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 14-7 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate

is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. Once that person responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

Dedmon's complaint is not entirely clear, but he appears to allege that: (a) Defendant Dodds sexually harassed him during a pat-down search on September 19, 2016; (b) Defendant Tate sexually harassed him during a pat-down search on October 15, 2016; (c) later that night, Defendant Brown, at the direction of Defendant Bell, issued Dedmon a false disciplinary for indecent exposure; (d) once he was released from isolation in mid-November 2016, he was retaliated against by "one of the officer who help them lock me up for the (10-3)"; and (e) he was issued a retaliatory disciplinary for "tampering with or blocking any lock or locking device." Doc. No. 1 at 4-5.

According to the declarations of Williams and Collins, they found only one grievance naming a defendant in this case and concerning the issues described in Dedmon's Complaint. Doc. Nos. 14-2 & 14-5. That grievance, RLW-16-00306, named Defendant Dodds and described the September 19, 2016 pat-down search. *Id.* After the ADC investigated Dedmon's grievance, it decided Dedmon's grievance was without merit. Doc. No. 14-1. Because Dedmon did not appeal, the grievance is not exhausted. The PLRA requires a prisoner to complete all stages of the prison's grievance procedure. *See Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to pursue the "grievance process to its final stage").

Williams and Collins also found that Dedmon did not submit a grievance naming

7

Defendants Tate, Bell, Brown, and Davis during the time period described in Dedmon's complaint. They also found that Dedmon filed no grievances describing the alleged conduct of these Defendants. Williams found that Dedmon exhausted one grievance naming Tate and Bell in 2017 (RLW-17-00075), but it was not exhausted until after he filed this lawsuit. Doc. No. 14-2 at 3. Exhaustion must be achieved before the lawsuit is filed, or dismissal is mandatory. *Jones v. Bock*, 549 U.S. at 211.

Dedmon has not exhausted his administrative remedies with respect to the claims raised in this lawsuit. Accordingly, there are no issues of material fact in dispute, and Defendants are entitled to summary judgment.

## V. Conclusion

Dedmon did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Defendants should be awarded summary judgment and Dedmon's claim(s) against them be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 20th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE